UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

THE FIREHOUSE CHURCH MINISTRIES                                     PLAINTIFF

V.                                           CIVIL ACTION NO. 3:20-CV-354-KHJ-FKB

CHURCH MUTUAL
INSURANCE COMPANY                                                    DEFENDANT

ORDER

Before the Court is Defendant Church Mutual Insurance Company's ("CMIC") Motion for Bill of Costs [84]. For the following reasons, the Court grants the motion in part and denies it in part.

I.    Facts and Procedural History

This case involved a coverage dispute about whether Plaintiff The Firehouse Church Ministries' ("Firehouse Church") roof collapsed due to deterioration over time or a nearby tornado. CMIC issued Firehouse Church an insurance policy covering damage from fire, lightning, and windstorms, among other things. [1-2] ¶¶ 5, 6; [50-1].

Both parties retained experts to determine whether the tornado or deterioration caused the damage. [50-5]; [50-7]. CMIC's expert concluded that deterioration over time caused the damage, [50-5] at 6, so CMIC denied coverage. [56] at 3. But Firehouse Church's expert concluded that the tornado caused the damage. [50-7] at 3. The experts' findings were similar despite different conclusions,

so CMIC's expert revisited the property and confirmed its original conclusion. [64-4] at 5.

Firehouse Church sued CMIC over the denied coverage, bringing several claims. [1-2] at 2–3. Firehouse Church lost at trial, and CMIC then moved for costs. [84]. CMIC requests $3,918.25 for the following: (1) the $400 removal fee; (2) $152.50 for its private process server; (3) $3,013.15 for deposition transcripts; (4) $332.60 for copy expenses; and (5) $20 in docket fees. Firehouse Church objects generally, asking the Court to order the parties to bear their own costs. It alternatively objects to specific costs, asking the Court to reduce the award.

II.    Standard

The prevailing party in a civil action should receive costs. Fed. R. Civ. P. 54(d)(1). Despite that "venerable presumption," the ultimate decision lies with the district court. *Marx v. Gen. Revenue Corp.*, 568 U.S. 371, 377 (2013). And the district court has wide discretion in awarding costs. *Edwards v. 4JLJ, L.L.C.*, 976 F.3d 463, 466 (5th Cir. 2020) (reviewing district court's decision on costs for abuse of discretion); *Cypress-Fairbanks Indep. Sch. Dist. v. Michael F. by Barry F.*, 118 F.3d 245, 256 (5th Cir. 1997) (reviewing district court's related factual findings for clear error). That includes both the extent the Court awards costs and whether it awards them at all. *Edwards*, 976 F.3d at 466.

III. Analysis

A. Costs Generally

Firehouse Church first argues the parties should bear their own costs for four reasons: (1) it has limited financial resources compared to CMIC's enormous financial resources; (2) the case presented a "close question"; (3) denying costs would confer a substantial benefit to the public; and (4) it sought judicial relief in good faith. CMIC responds that none of those reasons warrant denial of costs.

Though a district court must "articulate some good reason for [denying costs]," it retains wide discretion in that decision. *Stubblefield v. Suzuki Motor Corp.*, 826 F. App'x 309, 325 (5th Cir. 2020) (per curiam) (citation omitted). Courts have denied costs for various reasons, including: (1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources. *Pacheco v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citation omitted). Courts have also treated the losing party's good-faith prosecution of the action as a prerequisite to denying costs. *See id.* (collecting cases). Accordingly, the Court may "excuse a losing party from paying costs only if he [sued] in good faith *and* can demonstrate at least one of the five factors." *Wade v. Peterson*, 416 F. App'x 354, 356 (5th Cir. 2011) (per curiam) (citing *Pacheco*, 448 F.3d at 794) (clarifying the standard).

CMIC does not dispute Firehouse Church's good faith in prosecuting the action, and the parties give no reason to think otherwise. Firehouse Church argues

it had reason to believe a tornado damaged the building, it filed an insurance claim with CMIC in good faith, it tried to resolve the matter after CMIC denied coverage, and it only filed suit when the parties could not agree on the cause of damage. CMIC's reply does not dispute any of those assertions. The Court presumes Firehouse Church's good faith in prosecuting the action.

Likewise, Firehouse Church does not argue any "misconduct" by CMIC. Its arguments instead go to the other factors. The Court addresses those in turn.

1. Financial Resources

Two factors to consider are the losing party's financial resources and the prevailing party's enormous financial resources. *See Wade*, 416 F. App'x at 356 (citing *Pacheco*, 448 F.3d at 794). Firehouse Church argues those apply because it is a small nonprofit church with limited resources while CMIC is the largest insurer of religious organizations in the nation. CMIC responds that financial hardship does not warrant denying costs, even considering Firehouse Church's good faith.

The Fifth Circuit already rejected a similar "relative wealth" argument for denying costs in *Moore v. Citgo Refin. & Chems. Co.*, 735 F.3d 309, 319-20 (5th Cir. 2013) (citations omitted). In that case, the Southern District of Texas reduced an award from $50,000 to $5,000 based on (1) a finding of plaintiff's good faith, (2) defendant's "enormous wealth," and (3) plaintiff's limited resources. *Id.* at 319. The Fifth Circuit held that the district court erred *as a matter of law* in relying on "comparative wealth" as a basis to reduce costs. *Id.* at 319-20 (emphasis added). The

Fifth Circuit not only reversed the court's order reducing costs but also rendered a higher cost award to the defendant. *Id.* at 321.

So far, Firehouse Church asks the Court to rely on the same basis to deny costs: (1) its good faith, (2) its limited resources, and (3) CMIC's massive wealth. Without more, the Court cannot do so.

    2. Public Benefit

Another factor Firehouse Church cites is "substantial benefit conferred to the public." *Wade*, 416 F. App'x at 356 (citing *Pacheco*, 448 F.3d at 794). Firehouse Church argues that applies because it is a nonprofit organization, and the public would benefit from its ability to be well-funded and provide services.

When courts discuss public benefit as a reason to deny costs, they generally refer to the public benefit of the *case* rather than what one of the parties can do for the public. *See McBroom v. Payne*, No. 1:06-CV-1222, 2011 WL 1743660, at *2 (S.D. Miss. April 11, 2011) (involving a close excessive force case); *Kristensen v. U.S.*, No. 1:17-CV-126, 2020 WL 12029075, at *5 (W.D. Tex. July 31, 2020) (noting decision would not alter the scope of sovereign immunity); *Rosette v. PNK (Baton Rouge) P'ship*, No. 17-CV-15, 2019 WL 2173434, at *4 (M.D. La. May 20, 2019) (noting decision would not broaden scope of Title VII jurisprudence); *Frischhertz v. SmithKline Beechan Corp.*, No. 10-CV-2125, 2013 WL 3894021, at *4 (E.D. La. July 26, 2013) (noting case encouraged citizen participation in regulating quality of products from private companies).

This case was about CMIC denying Firehouse Church insurance benefits. The issue was whether a tornado or deterioration over time damaged Firehouse Church's roof. That does not rise to the level of altering national law or encouraging a greater cause. Firehouse Church cannot rely on the public benefit factor either.

3. Close Issue

The last factor Firehouse Church cites is "close and difficult legal issues presented." *Wade*, 416 F. App'x at 356 (citing *Pacheco*, 448 F.3d at 794). It argues that factor applies because whether the tornado or deterioration over time caused its roof damage was a close call at trial.

Firehouse Church mistakes the standard here as well. The factor itself says, "close and difficult *legal* issues presented." And courts discussing this factor consistently refer to legal issues rather than factual ones. *See Diaz v. Estate of Lampton*, No. 3:09-CV-324, 2014 WL 12714599, at *2 (S.D. Miss. March 26, 2014) (citation omitted) (involving "two appeals to the Fifth Circuit, one of which resulted in a split decision"); *McBroom*, 2011 WL 1743660, at *2 (involving both close factual questions and close legal questions on excessive force).

Again, this case turned on a purely factual issue: whether a tornado or deterioration over time caused Firehouse Church's roof damage. Firehouse Church cannot rely on the close issue factor either. Given no reason to reduce costs generally, the Court declines to do so and now considers Firehouse Church's objections to specific costs.

B. Specific Costs

Firehouse Church alternatively objects to certain costs listed in CMIC's motion, including fees for CMIC's private process server, deposition transcripts, and copy expenses. The Court addresses each cost in turn.

1. Private Process Server

CMIC requests $152.50 for private process servers it hired to serve subpoenas on various parties. A prevailing party cannot recover costs for private process servers absent exceptional circumstances. *Zastrow v. Houston Auto M. Imp. Greenway, Ltd.*, 695 F. App'x 774, 780 (5th Cir. 2017) (per curiam). No definition exists for "exceptional circumstances," but the burden of showing them rests on the party moving for those costs. *Marmillion v. Am. Int'l Ins. Co.*, 381 F. App'x 421, 431 (5th Cir. 2010) (per curiam) (affirming denial of private process server fees because defendants did not show exceptional circumstances); *Zastrow*, 695 F. App'x at 780 (reversing award of private process server fees because party failed to show exceptional circumstances).

CMIC offers nothing to show exceptional circumstances. It instead argues a court may award private process server fees that do not exceed the statutory fees based on authority that does not bind the Court. [87] at 4 (citing *Baisden v. I'm Ready Prods., Inc.*, 793 F. Supp. 2d 970, 975 (S.D. Tex. 2011)); *E.E.O.C. v. W & O, Inc.*, 213 F.3d 600, 624 (11th Cir. 2000)). It then explains how its private process server fees do not exceed the statutory maximum. But the Fifth Circuit has been clear that the prevailing party must show exceptional circumstances to obtain such

7

fees. *See Zastrow*, 695 F. App'x at 780. CMIC fails to do so and cannot recover costs for its private process server fees.

The Court sustains Firehouse Church's objection to the private process server fee and deducts $152.50 from its award of costs.

### 2. Deposition Transcripts

CMIC next requests $3,013.15 for the deposition transcripts of five witnesses. Firehouse Church argues it should not pay $680 for the transcript of one of those witnesses because the invoice contains incidental costs not recoverable under 28 U.S.C. § 1920. But firehouse does not dispute that CMIC "necessarily obtained" the deposition for the case, *Marmillion*, 381 F. App'x at 429, so the Court only considers its challenge to "incidental" costs. Those costs include $198.60 for color copies of the exhibits, a $25.00 condensed transcript, and a $50.00 processing and compliance fee, totaling $273.60.

Section 1920 does not cover incidental costs with depositions. *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 133 (5th Cir. 2015) (finding abuse of discretion where district court awarded costs for expedited transcripts; shipping, tabbing, and binding costs; and PACER fees). Case law does not clearly define an "incidental cost," but courts have sustained objections to administrative fees and color copy fees. *See Mercer v. Patterson-UTI Drilling Co., LLC*, No. 4:15-CV-346, 2016 WL 10951286, at *2 (S.D. Tex. October 20, 2016), *aff'd,* 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). That does not speak to the condensed transcript fee but

covers the color copy fee. And the Court considers the "processing and compliance" fee to be administrative.

The Court overrules Firehouse Church's objection to the condensed transcript fee but sustains its objections to the color copy fee and "processing and compliance" fee. The Court accordingly deducts $248.60 from its award of costs.

3. Copy Expenses

CMIC next requests $313.60 for copy expenses, charging certain color copies at $0.80 per page. Firehouse Church argues that rate is unreasonably excessive and CMIC did not meet its burden of proving it is entitled to those copy expenses. Firehouse Church cites nothing to show what rate is, or is not, "unreasonably excessive," so the Court does not consider that argument. But it considers whether CMIC met its burden of proving necessity of those copy expenses.

Section 1920(4) allows taxation of costs for certain copies. A district court may tax costs for copies if it finds the prevailing party "necessarily obtained" them for use in the litigation. *Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64 (5th Cir. 1994) (per curiam). The party seeking those costs must offer proof of necessity. *Id.*

The Fifth Circuit has affirmed denial of copy costs where the prevailing party failed to explain the reason for the costs, the number of pages copied, or the rate charged per page. *ZYZY, Inc. v. City of Eagle Pass*, 120 F.3d 265, 1997 WL 420179, at *3 (5th Cir. June 27, 1997) (per curiam). CMIC did exactly the opposite. CMIC categorizes its copy expenses as (1) the state-court record obtained for removal and (2) documents used to prepare for depositions and as exhibits at trial. And it

provided both the rate and number of copies for those expenses. Firehouse Church offers nothing to show insufficient proof of necessity.

Firehouse Church cites *Dennis Pierce, Inc. v. Pierce*, No. 2:16-CV-102, 2018 WL 1702931 (S.D. Miss. April 6, 2018), and *Cashman Equip. Corp. v. Rozel Operating Co.*, No. 3:08-CV-363, 2011 WL 2460943 (M.D. La. June 17, 2011), to support its argument. But in the former decision, this Court granted copy expenses because the prevailing party represented the copies were for exhibits incurred in the days before the trial and on the day trial began. *Pierce*, 2018 WL 1702931, at *3. And in the latter decision, the district court did not award copy expenses because the prevailing party only provided the copy rate and number of documents it copied with no description indicating their substance or purpose. *Cashman Equip. Corp.*, 2011 WL 2460943, at *2. CMIC explained how and why it incurred its copy expenses along with the copy rate and number of copies. The Court overrules Firehouse Church's objection to CMIC's copy expenses.

IV.   Conclusion

The Court has considered all arguments. Those it does not address would not have changed the outcome. For the reasons stated, the Court GRANTS in part and DENIES in part Defendant Church Mutual Insurance Company's Motion for Bill of Costs [84]. The Court accordingly awards Defendant Church Mutual Insurance Company $3,517.15, payable by Plaintiff The Firehouse Church Ministries.

SO ORDERED AND ADJUDGED, this the 27th day of September, 2022.

s/ *Kristi H. Johnson*
UNITED STATES DISTRICT JUDGE